**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------X

FELICIA MILAZZO,                        :          Case No.: 1:24-cv-8462

           Plaintiff,            :

       -against-            :          **COMPLAINT**

MATTHEW SCHWARTZ, SCOTT MINUTA, :
JOHN DOES 1-10, those people being fictitious
and unknown to Plaintiff, WHO'S WHO OF
PROFESSIONALS NY INC., BRISTOL WHO'S
WHO OF NY, INC., SCHWARTZ REALTY, LLC,
35-15 ASTORIA BLVD HOLDING LLC, and
ABC CORPS. 1-10, those entities being fictitious
and unknown to Plaintiff,

          Defendants.     :       JURY TRIAL DEMANDED

---------------------------------------------X

Plaintiff Felicia Milazzo (hereafter "Ms. Milazzo" or "Plaintiff") by and through her attorneys, Koutsoudakis & Iakovou Law Group, PLLC, as and for her verified complaint against the defendants Matthew Schwartz ("Defendant Schwartz"), Scott Minuta ("Defendant Minuta"), JOHN DOES 1-10 (together with Defendants Schwartz and Minuta, the "Owners"), together with defendants Who's Who of Professionals NY Inc., Bristol Who's Who of NY Inc., Schwartz Realty LLC, 35-15 Astoria Blvd Holding LLC, and ABC Corps. 1-10 (hereinafter the "Corporate Defendants")(the Owners and Corporate Defendants are collectively referred to as the "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.     This action arises from the egregious conduct of the Defendants and the predatory actions that Defendant Schwartz subjected Ms. Milazzo to throughout her employment for Defendants, leveraging Ms. Milazzo's dire financial situation and the stresses of her personal life to pressure her into engaging in sexual acts with Defendant.

2.     Ms. Milazzo commences this action against all Defendants for sexual harassment, gender discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. §§ 2000e, et seq (hereinafter "Title VII"), New York State Human

1

Rights Law (hereinafter "NYSHRL") § 296, and New York City Administrative Code (hereinafter the " NYC Admin. Code") § 8-107.

3. Ms. Milazzo commences this action to seek compensation for back pay, front pay, emotional distress, punitive damages, and attorneys' fees under Title VII, NYSHRL §296, and NYC Admin. Code §8-107.

4. Ms. Milazzo alleges that Defendants willfully violated the NYC Admin. Code and NYSHRL by retaliating against her for complaining about their discrimination, harassment and hostile work environment and that they willfully violated NYSHRL § 296 by retaliating against her for complaining about pervasive sexual harassment and discrimination during the course of her employment.

## THE PARTIES

5. Plaintiff Felicia Milazzo ("Ms. Milazzo") is a female individual who resides in the State of New York, County of Nassau.

6. Upon information and belief Defendant Schwartz is an individual and resident of New York State with his principal place of business located at 3001 Northern Boulevard, Long Island City, New York 11101.

7. Upon information and belief Defendant Minuta is an individual and resident of New York State with his principal place of business located at 3001 Northern Boulevard, Long Island City, New York 11101.

8. Ms. Milazzo is unaware of the true names or capacities of the Defendants sued herein under the fictitious names JOHN DOES 1-10. Upon information and belief, JOHN DOES 1-10 directly performed the acts alleged herein and are liable on all claims herein because JOHN DOES 1-10 were the cause in fact and proximate cause of all injuries suffered by Ms. Milazzo alleged herein. Ms. Milazzo will amend the Complaint to state the true name of JOHN DOES 1-10 when their identities are discovered.

9. Defendant Who's Who of Professionals NY Inc. is a domestic business corporation with its principal place of business located at 3001 Northern Blvd., Long Island City, NY 11101.

10. Defendant Bristol Who's Who of N.Y., Inc. is a domestic business corporation with its principal place of business located at 3001 Northern Boulevard., Long Island City, New York, 11101.

2

11. Defendant Schwartz Realty LLC is a domestic business corporation with its principal place of business located at 17 Boulevard, Malba, New York, 11357.

12. Defendant 35-15 ASTORIA BLVD HOLDING LLC is a domestic business corporation with its principal place of business located 3001 Northern Boulevard., Long Island City, New York, 11101.

13. Ms. Milazzo is unaware of the true names or capacities of the Defendants sued herein under the fictitious names ABC CORPS. 1-10. Upon information and belief, the Owners exercised complete domination supervision, management, operation and control over ABC CORPS. 1-10, all of which are alter egos of the other named Corporate Defendants, and the other Named Corporate Defendants are alter egos of ABC CORPS. 1-10. Ms. Milazzo will amend the Complaint to state the true name of ABC CORPS. 1-10 when their identities are discovered.

14. Upon information and belief, Defendant Minuta is a co-owner of the Corporate Defendants.

15. Upon information and belief, Defendant Schwartz is the principal and co-owner of the Corporate Defendants.

16. As the principal and co-owner of the Corporate Defendants, Defendant Schwartz is responsible for the management and instruction of employees and has the authority to hire, fire, set schedules, and implement policies and procedures for each Corporate Defendant, including how they handle any complaints of discrimination and harassment at the workplace.

17. Upon information and belief, at all relevant times Defendant Minuta was also responsible for the management and instruction of employees and has the authority to hire, fire, set schedules, and implement policies and procedures for each Corporate Defendant, including how they handle any complaints of discrimination and harassment at the workplace.

18. As the owners of the Corporate Defendants, Defendant Schwartz and Minuta are required by law to keep records regarding their employees' hours worked and compensation.

19. Ms. Milazzo alleges the following claims and holds Defendants jointly and severally liable, for quid pro quo sexual harassment, hostile work environment, gender discrimination, and retaliation in violation of Title VII, NYSHRL, and NYC Admin. Code. Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under the NYSHRL and NYC Admin. Code.

3

20.     All named Defendants are responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Ms. Milazzo's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mentioned did not, exist.

21.     Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

22.     At all relevant times, the Corporate Defendants were agents, servants, and/or employees, and/or alter egos of each other and were intentionally, knowingly, and willingly operated, supervised, maintained, and controlled as a single entity by Defendants Schwartz and Minuta.

23.     Upon information and belief, at all times hereinafter mentioned Defendants Schwartz and Minuta were the owners, principals, partners, shareholders, managers, operators, supervisors, and controllers of the Corporate Defendants and exercised complete domination, supervision, management, operation and control of the Corporate Defendants.

24.     Upon information and belief, Defendants Schwartz and Minuta intentionally, knowingly, and willingly completely dominated, operated, supervised, managed, maintained, and controlled the Corporate Defendants as alter egos of each other and/or as a single entity and/or enterprise.

## JURISDICTION & VENUE

25. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under federal law, Title VII. This court has supplemental jurisdiction over Ms. Milazzo's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

26. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in New York and the relevant employment records are maintained in this district and venue is proper under 28 U.S.C. §1391(b) in this district based upon a Defendants' residency and/or place of business within the Eastern District of New York.

## CONDITIONS PRECEDENT

27. On or around March 29, 2024, Ms. Milazzo timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

28. On May 24, 2024, the EEOC issued a letter of determination to both parties (the "Determination Letter"). A true and accurate copy of the Determination Letter is annexed hereto is **Exhibit "1"**.

29. The May 24, 2024, Determination Letter stated in relevant part:

> "Charging Party has established a prima facie case of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, with respect to sexual harassment based on sex (female). Charging Party was hired in 2017 as a Property Manager by Matthew Schwartz. During the interview process, he commented on Charging Party's physical characteristics and in follow up text messages proclaimed he wanted to kiss her immediately. Charging Party was vulnerable in that she was dealing with an ongoing custody battle and had limited experience, so she took the job for financial security. Charging Party was engaging in an intimate relationship with Mr. Schwartz, which was intertwined with work terms and conditions. Mr. Schwartz warned Charging Party multiple times that if she ended this affair, she would lose her job. At the time, there was no employee handbook for Charging Party to refer to for guidance. Mr. Schwartz became controlling and required Charging Party to engage in fraudulent activity. Charging Party eventually tried to end the relationship in May 2022. In retaliation, Respondent changed her job duties, would delay providing her pay, canceled her benefits, and failed to communicate regarding pertinent business matters. On December 9, 2022, Charging Party was terminated."

5

30.     On or around September 11, 2024, Ms. Milazzo received the right to sue letter from the EEOC permitting Ms. Milazzo to bring this action. This Complaint has been filed within 90 days of receipt of that notice. A true and correct copy of the letter issued by EEOC is attached hereto as **Exhibit "2"**.

<strong><u>FACTS COMMON TO ALL CLAIMS</u></strong>

31.     Ms. Milazzo began working for Defendants in or around September 2017 as a property manager.

32.     At the time of her hiring, Ms. Milazzo was dealing with a difficult custody battle with her child's father.

33.     Defendant Schwartz wasted no time making his intentions clear; admitting that in his earliest communications, he was physically attracted to her and knew that he wanted to kiss her the moment he met her at the job interview.

34.     Ms. Milazzo was struggling financially while dealing with the stresses of her custody battle, placing her in a vulnerable position as the sole breadwinner for her family.

35.     Despite the difficult circumstances, Ms. Milazzo excelled at her role as property manager and became a valuable employee for Defendants.

36.     At all times relevant, the other named Owners occupied a position of power and authority within the Corporate Defendants.

37.     Ms. Milazzo seeks damages for Defendant Schwartz's unlawful employment practices, including unlawful discrimination, hostile work environment, and retaliation against her because of her gender.

*A.     Workplace Harassment*

38.     Defendant Schwartz hired Ms. Milazzo because of her physical characteristics and her vulnerability to grooming and abuse.

39.     Upon hiring, Ms. Milazzo had direct and frequent communication with Defendant Schwartz both in person and electronically to ensure that the property operations were running smoothly.

6

40. Almost immediately upon hiring Ms. Milazzo, Defendant Schwartz began grooming her by heaping attention and praise on her, flirting with her, hugging her, sending her racy text messages, and promising her a great future if she stayed employed by the Defendants.

41. In or around October 2017, in the earliest communications between Ms. Milazzo and Defendant Schwartz, Defendant Schwartz sexualized Ms. Milazzo and used degrading pet names such as "hun" and "babe" via text messages.

42. Defendant Schwartz did not use such degrading pet names with other employees.

43. Defendant Schwartz's sexually charged and inappropriate remarks were worse in person, causing Ms. Milazzo to feel humiliated by his conduct and too intimidated by his total power over the Corporate Defendants to speak up.

44. Defendant Schwartz made advances by initiating inappropriate commentary towards Ms. Milazzo about her appearance at work stating, "I liked ur tights today, I got to see ur tight lil body" and suggested they go out socially for drinks.

45. In or around December 2017, Defendant Schwartz kissed Ms. Milazzo at a social event they both attended.

46. Not long thereafter, Defendant Schwartz propositioned Ms. Milazzo for sex both outside of the workplace and on work premises.

47. This is not Defendant Schwartz's first instance of such predatory behavior, as he has previously solicited a sexual relationship with a prior employee.

48. Defendant Schwartz exhibited an aggressive and manipulative pursuit of Ms. Milazzo.

49. Defendant Schwartz's manipulative pursuit coupled with Ms. Milazzo's need for this job led to Ms. Milazzo acceding to his demands.

50. At all times, Scwartz was married during Ms. Milazzo's employment with Defendants.

51. Despite this, Defendant Schwartz led Ms. Milazzo to believe that his romantic interest in her included marriage.

52. On or around December 2017, Defendant Schwartz began sending Ms. Milazzo sexually explicit text messages during work hours stating, "I want to bend you over" and to meet in "Suite H... only I have the key."

53.    Defendant Schwartz would coerce and induce Ms. Milazzo with pay advancements and extra cash that Defendant Schwartz knew Ms. Milazzo needed all while demanding sex from her.

54.    Defendant Schwartz conditioned Ms. Milazzo's timely payment for her employment and receipt of benefits on the continuance of Ms. Milazzo complying with his sexual demands, placing her in an extremely difficult position.

55.    Defendant Schwartz coerced Ms. Milazzo into a sexual relationship as her employer and Owner of Defendants.

56.    Ms. Milazzo's employment became intertwined and inseparable from her sexual relationship with Defendant Schwartz. Defendant Schwartz would demand sex from Ms. Milazzo in the office and in various properties he owned. They engaged in sexual intercourse at work during working hours.

57.    Defendant Schwartz controlled every aspect of Ms. Milazzo's employment.

58.    Defendant Schwartz used this control to demand that Ms. Milazzo engage in fraudulent activities.

59.    Ms. Milazzo never received an employee handbook upon hiring, nor did the Defendants maintain one.

60.    Defendants also lacked a Human Resources Department, leaving Ms. Milazzo with no one to report Defendant Schwartz's conduct to, as Defendant Schwartz controlled Defendants with the express consent of the other named Owners.

61.    This abusive work environment between Defendant Schwartz and Ms. Milazzo caused her extreme stress and anxiety.

62.    Ms. Milazzo suffered from sleep disturbances and loss of appetite due to Defendant Schwartz's consistent sexual demands.

63.    Upon information and belief, Ms. Milazzo suffered from emotional distress due to Defendant Schwartz's threats of cutting payments he made towards, *inter alia*, her rent, car insurance, and car lease.

64.    Defendant Schwartz subjected Ms. Milazzo to a hostile work environment.

65.    Ms. Milazzo was effectively forced out of employment by Defendants after they created a work atmosphere that was so intolerable that as soon as she stopped complying with Defendant Schwartz's sexual demands, Defendants terminated her employment.

8

66.     As a result of Defendants' sexual harassment, Ms. Milazzo has suffered and continues to suffer, *inter alia*, lost wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, and loss of enjoyment of life.

B.     *Sex Discrimination*

67.     Defendant Schwartz targeted and preyed upon Ms. Milazzo as a young, vulnerable woman.

68.     Defendant Schwartz used his authority and power over Ms. Milazzo's employment with Defendants to force her into complying with his sexual demands.

69.     Defendant Schwartz repeatedly subjected Plaintiff to this ongoing pattern of discriminatory conduct based on her gender.

70.     On multiple instances, Defendant Schwartz demanded that Ms. Milazzo meet him in different rooms at the office to have sex with him.

71.     Intimidated by Defendant Schwartz's power, and fearful of losing her job, Ms. Milazzo had no choice but to comply with his sexual demands.

72.     Particularly, on one specific occasion, on or around January 2018, Defendant Schwartz forced Ms. Milazzo to meet him after work hours at a strip club with his friends, to collect her payment check.

73.     Defendant Schwartz did not subject male employees to this discriminatory conduct but consistently subjected Ms. Milazzo to it.

74.     Ms. Milazzo felt humiliated, embarrassed, and shocked that Defendant Schwartz degraded her in this manner but feared she would lose her job and felt obligated to accede to his demands.

75.     Ms. Milazzo was adversely affected by this consistent abusive behavior from Defendant Schwartz.

76.     The other named Owners knowingly allowed Defendant Schwartz to prey upon Ms. Milazzo.

77.     As a direct result of Defendants actions, Ms. Milazzo suffers from difficulty sleeping, anxiety, anxiety, stomach pains, and headaches.

78.     In or around November 2020, with the physical manifestations only worsening, Ms. Milazzo expressed her concerns to Defendant Schwartz about his severe and predatory behavior.

9

79.     In response, Defendant Schwartz warned Ms. Milazzo that if she were to not comply with his demands, she would lose her position.

80.     In retaliation, Defendant Schwartz began to limit her access to work tools, including her company computer, effectively isolating her from the workplace and from necessary communications.

C.     *Retaliation Claims*

81.     In or around May 2022, Ms. Milazzo again confronted Defendant Schwartz about his severe and predatory behavior and to end the sexual relationship and expressed her frustration for treating her in such a coercive manner.

82.     In response, Defendant Schwartz threatened Ms. Milazzo and sent her a text saying "if you so much as try to hurt me in any way, personally or business, you will get nothing from me. And will be the biggest mistake you ever make."

83.     In retaliation, Defendant Schwartz changed Ms. Milazzo's job duties, delayed her wage payments, cancelled her benefits, and refused to communicate essential information regarding business matters to Ms. Milazzo.

84.     Defendant Schwartz's actions were consistent with classic grooming tactics, as he systematically cut off Plaintiff's ability to work, further limiting her from support and resources.

85.     On or about December 9, 2022, Defendant Schwartz, having already isolated Ms. Milazzo and diminished much of their communication, terminated her.

86.     Ms. Milazzo's termination was a direct consequence of her attempts to reject Defendant Schwartz' sexual advances and end the coercive relationship.

87.     Defendants offered Ms. Milazzo a severance package in exchange for her signing a one-sided, onerous release document and every statement in the release document was tailored to benefit Defendants and harm Ms. Milazzo.

88.     The severance package offered to Ms. Milazzo was conditioned on a release of any and all claims she had against Defendants, including those related to the abuse she suffered at the hands of Defendant Schwartz.

89.     Following her termination, Ms. Milazzo sought medical attention for psychological difficulties arising from the abusive work environment she suffered from Defendant Schwartz.

## AS AND FOR A FIRST CAUSE OF ACTION

**Workplace Harassment in Violation of Title VII of the Civil Rights Act of 1964
(42 U.S.C. §§ 2000e *et seq.*)**

90.     Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

91.     At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of Title VII and Defendants were an "employer."

92.     Ms. Milazzo was subject to unwelcome harassment from Defendant Schwarz based on her sex and gender.

93.     Ms. Milazzo was subject to sexual demands from Defendant Schwartz with an underlying threat that non-compliance will result in her job termination.

94.     There was no method or procedure for Ms. Milazzo to report Defendant Schwartz's conduct because there were no employee handbooks or company policies to do so.

95.     By undertaking the foregoing, Defendant Schwartz conditioned Ms. Milazzo's employment on and/or her success or advancement of employment on and/or offered her an employment-related benefit in exchange for her acceptance and tolerance of unlawful sexual harassment.

96.     Ms. Milazzo's harassment from Defendant Schwartz was severe enough to affect the terms, conditions, and/or privileges of her employment since it caused her humiliation, emotional distress, and both physical and mental anguish.

97.     At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

98.     By the actions described above, Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Ms. Milazzo with respect to her compensation and privileges of employment because of her sex and gender, including quid pro quo sexual harassment.

99.     As a proximate result of Defendants' creation of a hostile work environment based on discrimination that harmed Ms. Milazzo, she is entitled to compensatory damages.

100.     As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of

11

employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

101.    Upon information and belief, Defendant Schwartz continues to cause Ms. Milazzo harm and distress by preventing her from obtaining and/or maintaining employment.

102.    Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

103.    Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

### AS AND FOR A SECOND CAUSE OF ACTION
### Sex Discrimination in Violation of Title VII of the
### Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*)

104.    Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

105.    At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of Title VII and Defendants were an "employer.

106.    Defendant Schwartz regularly made discriminatory comments to Ms. Milazzo regarding her sex, including sexual comments about her physique and looks.

107.    In addition, Defendant Schwartz discriminated against Ms. Milazzo because of her sex by providing Ms. Milazzo with cash advancements upon her compliance with his sexual demands.

108.    Ms. Milazzo was treated less favorably on the basis that she is a female and Defendant Schwartz made clear that her employment was conditioned on her relationship with him.

109.    At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

110.    By the actions described above, Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Ms. Milazzo with respect to her compensation and privileges of employment because of her sex and gender.

111.    Ms. Milazzo suffered damages because of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

112.    Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

113.    Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

## AS AND FOR A THIRD CAUSE OF ACTION
### Retaliation in Violation of Title VII of the
### Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*)

114.    Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

115.    At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of Title VII and Defendants were an "employer.

116.    Ms. Milazzo engaged in protected activity by confronting Defendant Schwartz about his discriminatory treatment based on her sex and gender when he would make sexual demands that were unwelcome, but Ms. Milazzo was obligated to comply from his coercion of pay advancements and threats of termination.

117.    Only six months after Ms. Milazzo confronted Defendant Schwartz of the gender and sex discrimination, he subjected her to; Defendants summarily terminated her after she no longer complied with Defendant Schwartz sexual demands.

118.    At all relevant times, Defendants did not have any employee handbooks, nor any Human Resources Department for Ms. Milazzo to complain of the predatory and abusive behavior to.

119.    Defendants stated reason for terminating Ms. Milazzo's employment is pretextual and baseless. Defendants fired Ms. Milazzo because she confronted Defendant Schwartz about the sex and gender discrimination she faced while employed with him.

120.    As such, Ms. Milazzo suffered a materially adverse action, her termination, that is causally linked to her participation in her protected activity.

121.    Ms. Milazzo suffered damages because of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

122.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by retaliating against Ms. Milazzo with respect to the charge and lawsuit brought with the EEOC and this Court, respectively, based on her sex and gender.

123.    As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

124.    Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. §§ 2000e *et seq.*)**

125.    Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

126.    At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of Title VII and Defendants were an "employer.

127.    Defendant Schwartz' conduct created an objectively hostile or abusive work environment that Ms. Milazzo was uncomfortable to be in due to his many sexual demands.

128.    Ms. Milazzo attempted to separate herself from the abusive environment, as can be seen by her attempts to end the quid pro quo relationship between herself and Defendant Schwartz, to which Defendant Schwartz replied that she would need to comply to his sexual demands to maintain her job.

129.    There was no method or procedure for Ms. Milazzo to report Defendant Schwartz' conduct because there were no employee handbooks or company policy to do so.

130.    Defendant Schwartz subjected Ms. Milazzo to an abusive and hostile work environment prohibited by 42 U.S.C. §2000e et seq., by coercing her to comply to his aggressive sexual demands by threatening to terminate her.

14

131. At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

132. As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

133. Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

134. Defendants conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

135. Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Sex Discrimination in Violation of the New York State Human Rights Law §296

136. Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

137. At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of the NYSHRL and Defendants were an "employer."

138. Defendant Schwartz regularly made discriminatory comments to Ms. Milazzo regarding her sex, including sexual comments about her physique and looks.

139. In addition, Defendant Schwartz discriminated against Ms. Milazzo because of her sex by providing Ms. Milazzo with cash advancements upon her compliance with his sexual demands.

140. Ms. Milazzo was treated less favorably on the basis that she is a female as Defendant Schwartz made clear that her employment was conditioned on her relationship with him.

141. At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

15

142.    As such, Ms. Milazzo suffered an adverse employment action when her benefits were cancelled, and ultimately, when her employment was terminated on or about December 2022.

143.    As such, Ms. Milazzo was treated less favorably on the basis that she is female, and Defendant Schwartz made clear that her employment was conditioned on her sexual relationship with him.

144.    Defendants engaged in unlawful employment practices prohibited by NYSHRL §296, by discriminating against Ms. Milazzo with respect to her compensation and privileges of employment because of her sex.

145.    As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

146.    Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

147.    Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

148.    Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Hostile Work Environment in Violation of New York State Human Rights Law §296**

149.    Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

150.    At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of the NYSHRL and Defendants were an "employer."

151.    Ms. Milazzo was subject to unwelcome harassment from Defendant Schwarz based on her gender.

152.    Ms. Milazzo was subject to sexual demands from Defendant Schwartz with an underlying threat that non-compliance will result in her job termination.

153. Ms. Milazzo's harassment from Defendant Schwartz was severe and pervasive enough to affect the terms, conditions, and/or privileges of her employment as Ms. Milazzo suffered humiliation, emotional distress, and physical and mental anguish.

154. There was no method or procedure for Ms. Milazzo to report Defendant Schwartz's conduct because there were no employee handbooks or company policies to do so.

155. By undertaking the foregoing, Defendant Schwartz conditioned Ms. Milazzo's employment on and/or her success or advancement of employment on and/or offered her an employment-related benefit in exchange for her acceptance and tolerance of unlawful sexual harassment.

156. Defendant Schwartz's actions comprise an unlawful course of conduct committed over the entirety of Ms. Milazzo's employment.

157. In so acting, Defendant Schwartz subjected Ms. Milazzo to a workplace permeated with discriminatory intimidation, ridicule and insult.

158. At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

159. As such, Defendants engaged in unlawful practices prohibited by the NYSHRL, by subjecting Ms. Milazzo to a hostile work environment through inferior terms, conditions, and privileges of employment because of her sex and gender.

160. As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

161. Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

162. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

163. Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### Retaliation in Violation of New York State Human Rights Law §296

164.    Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

165.    At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of the NYSHRL and Defendants were an "employer."

166.    Ms. Milazzo engaged in protected activity by confronting Defendant Schwartz about his discriminatory treatment based on her sex and gender when he would make sexual demands that were unwelcome, but Ms. Milazzo was obligated to comply from his coercion of pay advancements and threats of termination.

167.    Ms. Milazzo suffered an adverse employment action when her benefits were cancelled, and ultimately when her employment was terminated on or about December 2022.

168.    Ms. Milazzo's termination was causally linked to Defendant Schwartz's conduct where Defendants offered her a severance package that he threatened to retract if Ms. Milazzo brought an action with the EEOC or in Court.

169.    As such, Ms. Milazzo suffered a materially adverse action, her termination, that is causally linked to her participation in her protected activity

170.    At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

171.    By undertaking the foregoing, Defendants retaliated against Ms. Milazzo by subjecting her to adverse employment actions, terminating her for a discriminatory reason, and demanding that she waive her rights as part of a punitively small severance package.

172.    As a direct and proximate result, Ms. Milazzo has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which Ms. Milazzo is entitled to an award of damages.

173.    As a direct and proximate result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

174. Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

175. Defendants conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

176. Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Gender Discrimination in Violation of New York City Administrative Code §8-107

177. Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

178. At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of the NYC Admin. Code and Defendants were an "employer."

179. Throughout her employment working for Defendants, Ms. Milazzo was subject to unwelcome sexual demands from Defendant Schwartz.

180. As such, Ms. Milazzo was treated less favorably on the basis that she is female, as Defendant Schwartz made it clear that her employment was conditioned on her compliance with his sexual demands in violation of NYC. Admin Code.

181. At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

182. Defendants discriminated against Ms. Milazzo in the terms and conditions of her employment based on her gender in violation of the NYC Admin. Code.

183. As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

184. Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

185. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

186.    Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

## AS AND FOR A NINTH CAUSE OF ACTION
**Hostile Work Environment in Violation of New York City Administrative Code §8-107**

187.    Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

188.    At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of the NYC Admin. Code and Defendants were an "employer."

189.    Defendant Schwartz's consistent unwelcome sexual demands accompanied with his aggressive pursuit created an objectively hostile or abusive work environment for Ms. Milazzo based on her sex.

190.    Ms. Milazzo had no method or procedure to follow to report such behavior, as Defendant Schwartz did not have employee handbooks or a human resource department.

191.    At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

192.    By undertaking the foregoing, Defendants' conditioned Ms. Milazzo's employment on and/or her success or advancement of employment on and/or offered her an employment-related benefit in exchange for her acceptance and tolerance of unlawful sexual harassment.

193.    Defendants' conduct comprises of an unlawful course of conduct over the entirety of Ms. Milazzo's employment.

194.    In so acting, Defendants subjected Ms. Milazzo to a hostile work environment through inferior terms, conditions, and privileges because of her sex and gender.

195.    As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

196.    Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

20

197.    Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

198.    As a result, Ms. Milazzo has suffered and continues to suffer, inter alia, lost wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, and loss of enjoyment of life.

199.    Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

## AS AND FOR AN TENTH CAUSE OF ACTION
### Retaliation in Violation of New York City Administrative Code §8-107

200.    Ms. Milazzo repeats and realleges the allegations set forth above as though fully set forth herein.

201.    At all relevant times, Ms. Milazzo was an "employee" and "person" within the meaning of the NYC Admin. Code and Defendants were an "employer."

202.

203.    Ms. Milazzo suffered an adverse employment action when her benefits were cancelled, and ultimately when her employment was terminated with Defendant Schwartz after she ceased compliance with his sexual demands.

204.    Ms. Milazzo's termination was causally linked to Defendant Schwartz's conduct when she was offered a severance package that Defendant Schwartz threatened to retract if she brought an action with the EEOC or in Court.

205.    At all relevant times, Defendant Minuta and JOHN DOES 1-10 failed to intercede and allowed Defendant Schwartz to discriminate against Ms. Milazzo.

206.    By undertaking the foregoing. Defendants retaliated against Ms. Milazzo by subjecting her to adverse employment actions, including termination of her employment, which included a retraction of a severance package if Ms. Milazzo were to bring an EEOC action or Court action

207.    As such, Defendants engaged in unlawful employment practices by retaliating against Ms. Milazzo with respect to the charge and lawsuit brought with the EEOC and this Court, respectively, based on her sex and gender.

21

208.    As a result, Ms. Milazzo was unlawfully humiliated, degraded and belittled, suffered a violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, extreme financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, special damages and emotional distress.

209.    Ms. Milazzo has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

210.    Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

211.    Ms. Milazzo is entitled to the maximum amount of damages allowed under this statute.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT SCHWARTZ
### For Negligent Infliction of Emotional Distress

212.    Ms. Milazzo repeats and re-alleges each of the allegations set forth above as though fully set forth herein.

213.    Defendants owed a duty to Ms. Milazo to provide a safe workplace free from any harassment or discrimination.

214.    Defendants breached that duty by allowing Defendant Schwartz to repeatedly harass and make sexual demands throughout Ms. Milazzo's employment based on her sex.

215.    Defendant Schwartz breached that duty through his threats to terminate Ms. Milazzo if she did not comply with his sexual demands.

216.    Defendant Schwartz breached that duty when he intimidated and coerced Ms. Milazzo to accept a severance package and forced her out of her employment when she did not comply with Defendant Schwartz's sexual demands.

217.    Defendant Schwartz' conduct caused Ms. Milazzo to have extreme physical manifestations associated with stress and anxiety including insomnia, reduced appetite, and headaches.

218.    The foregoing acts of Defendants which caused emotional distress to Ms. Milazzo are a direct result of Defendants breach of duty to Ms. Milazzo.

219.    Defendants' actions directly impacted Ms. Milazzo and contributed to her emotional distress.

22

220.    The emotional distress sustained by Ms. Milazzo was severe and of a nature that no reasonable person could be expected to endure.

221.    The foregoing acts of Defendant Schwartz acted out on Ms. Milazzo constituted negligent infliction of emotional distress.

222.    Defendant Schwartz's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

223.    Defendants knew or should have known about Defendant Schwartz's conduct.

224.    Because of the foregoing, Ms. Milazzo has suffered loss of income and benefits, mental and physical anguish, loss of enjoyment of life and emotional distress, all to her damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment on all causes of action as follows:

A. An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits, as well as for the past and future non-economic damages for humiliation, pain and suffering and emotional distress sustained;

B. An award to Plaintiff of the costs, disbursements, and her attorney's fees in connection with this action;

C. An award to Plaintiff for punitive damages to be determined at trial; and

D. Granting such other and further relief as the Court may deem just, necessary, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: New York, New York
       December 10, 2024

23

**KOUTSOUDAKIS & IAKOVOU
LAW GROUP, PLLC**

By: *Andreas Koutsoudakis*

Andreas Koutsoudakis (BAR No. AK4162)
Joseph Diego Taylor (BAR No. JT2497)
KI LEGAL, PLLC
40 Wall Street, 49th Floor
New York New York 10005
Email: andreas@kilegal.com

24