# EXHIBIT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York City District Office**

33 Whitehall St
5th FL
New York, NY 10004
1-800-669-4000
TTY 1-800-669-6820

Charge Number: 520-2023-05073

Felicia Milazzo
191 Dogwood Ave
West Hempstead, NY 11552

v.

Who's Who of Professionals
3001 Northern Blvd.
Long Island City, NY 11101

## DETERMINATION

Under the authority vested in me by the Procedural Regulations of the Equal Employment Opportunity Commission (EEOC), I issue on behalf of the EEOC the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended. All requirements for coverage have been met.

Charging Party alleges that she was discriminated against in violation of Title VII when she was subjected to sexual harassment, hostile work environment, gender discrimination, and retaliation.

Charging Party has established a prima facie case of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, with respect to sexual harassment based on sex (female). Charging Party was hired in 2017 as a Property Manager by Matthew Schwartz. During the interview process, he commented on Charging Party's physical characteristics and in follow up text messages proclaimed he wanted to kiss her immediately. Charging Party was vulnerable in that she was dealing with an ongoing custody battle and had limited experience, so she took the job for financial security. Charging Party was engaging in an intimate relationship with Mr. Schwartz, which was intertwined with work terms and conditions. Mr. Schwartz warned Charging Party multiple times that if she ended this affair, she would lose her job. At the time, there was no employee handbook for Charging Party to refer to for guidance. Mr. Schwartz became controlling and required Charging Party to engage in fraudulent activity. Charging Party eventually tried to end the relationship in May 2022. In retaliation, Respondent changed her job duties, would delay providing her pay, canceled her benefits, and failed to communicate regarding pertinent business matters. On December 9, 2022, Charging Party was terminated.

Once a prima facie case has been established by the Charging Party in a complaint of employment discrimination, the burden of proof shifts to the Respondent in the matter to provide a non-discriminatory justification for the course of conduct it has engaged in.

Respondent in this matter failed to respond to the charge despite numerous attempts to obtain a response. Respondent became aware of the Charge of Discrimination in August 2023. Since then, both parties were given the opportunity to mediate the issues prior to an investigation. Respondent hired Counsel and the case eventually failed mediation as of February 2024. Respondent's Counsel withdrew from representation and Mr. Schwartz was the sole contact for Respondent. Respondent was contacted on numerous occasions, both by email and phone to request a Position Statement that was past due. Respondent was given multiple opportunities by the Commission in order to properly respond; and was specifically informed that it risked a determination based on the evidence already provided should it not respond and has chosen not to exercise its right to rebut Charging Party's allegations.

Inasmuch, as Respondent has been afforded every opportunity to respond to the charge of discrimination and has failed to do so, the Commission at this time determines that said silence is an admission of the allegation made and exercise its discretion to make a decision based on the evidence provided.

Accordingly, Respondent is found to have engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

This determination does not conclude the processing of this charge. EEOC Procedures under Title VII request that, if the Commission determines that there is reason to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference conciliation and persuasion. Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter.

When the Respondent's declines to discuss settlement or when, for any reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission Representative will contact each party in the very near future to begin conciliation.

On behalf of the Commission:

*Yaw Gyebi, Jr.*

May 24, 2024
Date

Yaw Gyebi, Jr.
District Director

cc:  Matthew Schwartz
     Who's Who of Professionals, Inc.

     Andreas Koutsoudakis, Esq.
     Counsel for Charging Party
     KI Legal Firm